# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERTO GONZALEZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Case No.: |
| | ) |
| COMBINED METALS OF CHICAGO, LLC. | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Roberto Gonzalez ("Plaintiff" or "Gonzalez"), and files his Complaint against Defendant, Combined Metals of Chicago, LLC ("Defendant" or "CMC"), and in support states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*. ("IHRA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination and harassment against Plaintiff due to his disability leading to his unlawful termination.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Gonzalez, is a citizen of the United States and is and was at all times material a resident of the State of Illinois, residing in Cook County, Illinois.

6. Defendant, CMC is a Domestic Limited Liability Company with its principal place of business in Hampshire, Illinois.

7. Defendant does business in this Judicial District and Plaintiff worked for Defendant at 2401 Grant Ave, Bellwood, Illinois 60104.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about April 20, 2020 Plaintiff dual-filed a claim with Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. The EEOC issued to Plaintiff two Notices of Right to Sue, upon request. One on February 8, 2021 and one on February 17, 2021.

13. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's February 8, 2021 Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant in a full-time capacity beginning in August 2019.

15. On approximately September 23, 2019, Plaintiff suffered a heart attack and was diagnosed with his disability.

16. Plaintiff was disabled because he suffered from a physical condition that substantially limited his major life function of proper cardiac function.

17. At all times material, Plaintiff was a qualified individual because he was able to perform the essential functions of his job with or without reasonable accommodations.

18. Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

19. Plaintiff immediately notified Defendant about his disability and required the reasonable accommodation of a brief medical leave.

20. Following his medical leave, Plaintiff returned to work on November 4, 2019.

21. Upon Plaintiff's return, Ray Smidl (Maintenance Lead) began harassing Plaintiff due to Plaintiff's disability, such as repeatedly telling Plaintiff that he (Plaintiff) was replaceable.

22. On or about February 9, 2020, Plaintiff experienced a flare in his disability and was hospitalized. The doctor informed Plaintiff that Plaintiff needed surgery to have two stents placed in his heart.

23. Plaintiff informed Defendant about his flare and hospitalization and that his surgery was scheduled for February 22, 2020.

24. On or about February 13, 2020, Plaintiff informed Defendant and that he had a follow up appointment on February 26, 2020 and an anticipated return date of February 27, 2020.

25. Suddenly, on February 21, 2020 – one day before Plaintiff's scheduled surgery, Defendant terminated Plaintiff under the pretext that he had insufficient leave time and specifically stating that Defendant could not continue to accommodate Plaintiff's leave despite an anticipated return date merely six days later.

26. Providing Plaintiff with less than one week of additional leave would not have created an undue hardship on Defendant.

27. Defendant intentionally and purposefully waited until the day before Plaintiff's surgery to terminate Plaintiff.

28. Defendant terminated Plaintiff in part due to his disability and need for the reasonable accommodation of a brief medical leave.

29. Defendant terminated Plaintiff in part due to his prior need for the reasonable accommodation of a brief medical leave

30. Defendant did not provide Plaintiff any notice that there was an issue with his requested reasonable accommodation, did not discuss any alternatives, and did not permit Plaintiff an opportunity to discuss any alternatives. Defendant failed to engage in the interactive process.

31. Plaintiff has been damaged by Defendant's illegal conduct.

32. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

## Count I:
## Disability Discrimination in Violation of the ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

35. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

36. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

37. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

38. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

39. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

40. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
### Failure to Accommodate in Violation of the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

43. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

44. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45. Plaintiff was able to perform the essential functions of his job at the time of his unlawful termination.

46. Plaintiff requested reasonable accommodations for his disability.

47. Defendant is required under the ADA to engage in the interactive process and provide reasonable accommodations.

48. Defendant violated the ADA by failing to reasonably accommodate Plaintiff.

49. Defendant violated the ADA by failing to engage in the interactive process.

50. Defendant intentionally failed to accommodate Plaintiff or otherwise engage in the interactive process.

51. Plaintiff's requested reasonable accommodation would not have created an undue hardship on Defendant.

52. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count III:**
**Disability Based Discrimination in Violation of the IHRA**

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-32 above.

55. Plaintiff was a qualified individual with a disability under the meaning of the IHRA.

56. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

57. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on his disability.

58. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

59. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

60. Defendant's unlawful conduct in violation of the IHRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

### Count IV:
### Failure to Accommodate in Violation of the IHRA

61. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-32 above.

62. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA.

63. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

64. Plaintiff requested reasonable accommodations for his disability.

65. Defendant is required under the IHRA to engage in the interactive process and provide reasonable accommodations.

66. Defendant violated the IHRA by failing to reasonably accommodate Plaintiff.

67. Defendant violated the IHRA by failing to engage in the interactive process.

68. Defendant intentionally failed to accommodate Plaintiff or otherwise engage in the interactive process.

69. Plaintiff's requested reasonable accommodation would not have created an undue hardship on Defendant.

70. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

71. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

        **/s/ Zane Herman**
        Zane Herman
        Florida Bar No.:120106
        Spielberger Law Group
        4890 W. Kennedy Blvd., Suite 950
        Tampa, Florida 33609
        T: (800) 965-1570
        F: (866) 580-7499
        zane.herman@spielbergerlawgroup.com
        *Counsel for Plaintiff*